UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PATRICK P. SHARP,

        Movant,

v.

JUDY SMITH,

        Non-Moving Party.

Case No. 15-mc-42-PP

**ORDER DENYING MOTION (DKT. NO. 1) AND DISMISSING MISCELLANEOUS PROCEEDING, WITHOUT PREJUDICE TO THE MOVANT FILING A PETITION PURSUANT TO 28 U.S.C. §2254**

On July 21, 2014, Patrick P. Sharp filed a document entitled "Martinez/Trevino Motion." Dkt. No. 1. Because he had no open case on file in the federal court for the Eastern District of Wisconsin, the clerk's office opened what is known as a "miscellaneous proceeding," and docketed the motion.

The movant indicates in his motion that he was convicted in 2001, and sentenced in 2002, in two Wisconsin state court cases, 2001CF5340 and 2001CF5276. He states that he appealed from these convictions to the Wisconsin Court of Appeals, District I, which affirmed the judgments. Dkt. No. 1 at 2. He concedes, however, that he didn't appeal the Court of Appeals' decision to the Wisconsin Supreme Court. Id. He also states that he filed a post-conviction motions in state court, but that the court found his arguments procedurally barred. Id. at 2-4. On page 4 of his motion, the petitioner lists four grounds and page numbers. It appears that perhaps he is referring to

1

pages in some other document, but he did not file any other documents with the court.

On page 6 of the motion, he argues that the federal court has jurisdiction over his motion "pursuant to the Martinez/Trevino Rule, that creates an exception to the "cause" and "prejudice" rule for excusing state court procedural default on Federal Habeas Corpus §2254." He states that he "incorporates by reference the Martinez/Trevino Motion, Brief in Support of Martinez/Trevino Motion." Again, he appears to be referring to other documents, but he did not attach those documents to this motion. Finally, the movant asks this court to allow discovery, to let the record stand, to find "cause," to address the merits of "I/A claims," to find all issues procedurally defaulted, to hold an evidentiary hearing, or to provide whatever other relief the court deems necessary. Id. at 6.

The movant doesn't give any case cites for the "Martinez/Trevino" rule he mentions. The court believes, however, that he is referring to the following cases:

On March 20, 2012, the Supreme Court decided Martinez v. Ryan, 132 S. Ct. 1309 (2012). In Martinez, the Supreme Court held, "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that

2

proceeding was ineffective." Id. at 1320. The court characterized its ruling as a "narrow exception" to the procedural default rules.

On May 28, 2013, the Supreme Court decided Trevino v. Thaler, 133 S.Ct. 1911 (2013). In Trevino, the Supreme Court held that even if the state law does not require the defendant to raise ineffective assistance in his first collateral review proceeding, procedural default won't bar the ineffective assistance of counsel claim in a system like the one in Texas, where it is "virtually impossible" for a defendant to raise an ineffective assistance claim on direct appeal.

The court concludes that the movant wishes to file a petition for habeas corpus relief under 28 U.S.C. §2254. He is aware of the procedural default doctrine, which indicates that if a petitioner in a habeas case did not raise his constitutional claims in the state court, he is barred from raising them in federal court in a habeas petition unless he can show "cause" and "prejudice." The movant appears to believe that he did not exhaust whatever claims he wishes to bring (presumably ineffective assistance of counsel claims) in the state court, and he wants this court to decide—even before he files his habeas petition—that under the decisions in Martinez and Trevino, he is excused from that procedural default.

The court cannot make the determination the movant asks it to make under the current circumstances. The movant must file a petition for habeas corpus under §2254. He must explain, in that petition, what constitutional challenges he wishes to bring to his state convictions or sentences. He also

3

must explain, in the petition, what efforts he has made to exhaust his state court remedies. The court will then review that petition to determine whether his claims have any basis in the law. If someone—either the court, or the respondent to the petition—argues that the movant has not exhausted his state court claims, *then* the movant may raise the rulings in Martinez and Trevino, and try to argue that those cases excuse any default on his part. But the court cannot make that determination on the basis of a six-page motion with no attachments and no explanation of what claims the movant wants to bring.

The court will deny the movant's motion and dismiss the miscellaneous proceeding. The court is sending with this order a form §2254 petition for him to use if he decides to pursue habeas relief. The fact that the court is denying this motion and dismissing his case does not mean that the movant cannot file a habeas petition. If he does so, the court will screen that petition, as it does all habeas petitions before it.

The court **DENIES** the movant's "Martinez/Trevino motion." Dkt. No. 1. The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** to the movant filed a petition for habeas relief under 28 U.S.C. §2254.

Dated in Milwaukee this 3rd day of September, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge