UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PATRICK P. SHARP,

        Movant,

v.

JUDY SMITH,

        Non-Moving Party.

Case No. 15-mc-42-PP

**ORDER DENYING MOVANT'S SEPTEMBER 11, 2015 MOTION TO RECONSIDER (DKT. NO. 6)**

On July 21, 2015, the movant filed a motion entitled "Martinez/Trevino" motion. Dkt. No. 1. He had no open case in which to file a motion, so the clerk's office opened a miscellaneous proceeding (as it is required to do by the court's procedures). The court reviewed the motion, and on September 3, 2015, concluded that what the movant really was trying to do was to file a *habeas corpus* proceeding under 28 U.S.C. §2254, and then argue in that proceeding that there was a good reason he had not exhausted his state court remedies. Dkt. No. 5. The court dismissed the motion without prejudice, and told the movant that he could file a §2254 petition. Id.

On September 11, 2015, the movant filed a motion to reconsider. Dkt. No. 6. That motion raises the same arguments the movant raised in his original motion, but emphasizes that he doesn't have a lawyer, is representing himself, and doesn't know how to raise the issue he wants to raise in a §2254 petition.

1

He asks that if the court declines to reconsider its September 3, 2015 ruling, it appoint him a lawyer. Id.

The court will not reconsider its prior ruling. The appropriate procedure for the movant to follow is to file a §2254 petition, and make any arguments regarding exhaustion in that motion. As for the movant's request that the court appoint counsel to represent him:

In a civil case, the court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). The first thing that must happen is that, after a person files his *habeas* petition, that person must file a motion asking the court to appoint counsel. The person must state in the motion why he cannot afford to hire counsel. Next, the person has to make a reasonable effort to find private counsel on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). After the plaintiff makes that reasonable attempt to hire counsel, the court then must decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). To decide that, the court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

After the movant files his *habeas* petition, he must meet the threshold Pruitt requirement. He must demonstrate that he has made attempts to find

2

private counsel on his own. To meet this requirement, the plaintiff must contact attorneys and ask them to represent him, and then provide the court with proof that he made those attempts, and that the attempts were unsuccessful. There is no magic number, but the court generally requires plaintiffs to contact at least three attorneys to satisfy the threshold requirement. The movant may supply the court with copies of the letters he sends to attorneys, along with any responses those attorneys provide, as proof. If time passes without an attorney responding to the movant's request, he may submit a copy of the letter he sent to the lawyer, along with his statement attesting to the fact that the lawyer didn't respond.

If the movant provides the court with proof that he has contacted at least three attorneys, without success, the court then will consider whether his case is so complex that he cannot handle it himself. None of this will happen, however, until the movant files an actual case—a petition under 28 U.S.C. §2254.

The court **DENIES** the movant's September 11, 2015 motion for reconsideration (Dkt. No. 6).

Dated in Milwaukee this 22nd day of October, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

3